JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | ED CV 16-793 PA (JEMx) | Date | April 29, 2016 |
|---|---|---|---|
| Title | Morgan Picks-1, LLC v. Douglas M. Sweeney, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Charles A. Rojas | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

      The Court is in receipt of a Notice of Removal filed by Ricardo Hernandez ("Hernandez"). While the only named defendants in this unlawful detainer action brought by plaintiff Morgan Picks-1, LLC ("Plaintiff") are Douglas Sweeney, Jr. and Merrilee Sweeney (collectively "the Sweeneys"), Hernandez claims that he was evicted from the premises at issue. The Court is also in receipt of a Request to Proceed In Forma Pauperis and an Ex Parte Application for Temporary Restraining Order filed by Hernandez. Hernandez, appearing pro se, asserts that this Court has subject matter jurisdiction on the basis of (1) federal question jurisdiction under 28 U.S.C. § 1331, (2) diversity jurisdiction under 28 U.S.C. § 1332, and (3) 28 U.S.C. § 1443(1), which creates federal removal jurisdiction for actions brought against people who cannot enforce in state court "any law providing for the equal civil rights of citizens of the United States."

      Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

      Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. "A case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption." Id. at 393, 107 S. Ct. at 2430, 96 L. Ed. 2d 318 (emphasis in original).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | ED CV 16-793 PA (JEMx) | Date | April 29, 2016 |
|---|---|---|---|
| Title | Morgan Picks-1, LLC v. Douglas M. Sweeney, et al. | | |

Here, the underlying Complaint contains only a single cause of action for unlawful detainer. Hernandez's allegations of fraudulent conduct by Plaintiff and its counsel do not provide a proper basis for removal, as neither a federal defense nor an actual or anticipated federal counterclaim forms a basis for removal. See, e.g., Vaden v. Discover Bank, 556 U.S. 49, 61-62, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009). Additionally, because the Complaint alleges only a state law claim for unlawful detainer, it does not present a claim "arising under" federal law.

Hernandez has also failed to show that diversity jurisdiction exists over this action. Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

Although Hernandez alleges that the amount in controversy exceeds $75,000. In unlawful detainer actions, the title to the property is not involved — only the right to possession is implicated. Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977). As such, the amount in controversy is determined by the amount of damages sought in the Complaint, rather than the value of the subject real property. Id. Here, Plaintiff is seeking "restitution of the premises" and $50.00 per day from December 8, 2015 until it receives a Judgment, but "waives all damages in excess of $25,000.00." (Complaint ¶ 8.) Given that the value of the subject real property is not in controversy, Defendant has failed to show that this action meets the minimum jurisdictional requirement.

Finally, the Notice of Removal's allegations and invocation of 28 U.S.C. § 1443 do not support removal. A defendant "who is denied or cannot enforce" his or her civil rights in state court may remove a civil action or criminal prosecution to federal court. 28 U.S.C. § 1443. Section 1443(1) was enacted "to remove from state courts groundless charges not supported by sufficient evidence when these charges are based on race and deny one his federally protected equal rights as guaranteed by Title II of the 1964 Civil Rights Act." Walker v. Georgia, 417 F.2d 5, 9 (5th Cir. 1969). Section 1443 provides, in pertinent part, that "[a]ny of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . ." 28 U.S.C. § 1443(1).

> A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in Georgia v. Rachel, 384 U.S. 780, 788-92, 794-804, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966) and City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824-28, 86 S. Ct. 1800, 16 L. Ed. 2d 944

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | ED CV 16-793 PA (JEMx) | Date | April 29, 2016 |
|---|---|---|---|
| Title | Morgan Picks-1, LLC v. Douglas M. Sweeney, et al. | | |

(1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970) "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." Id.

Patel v. Del Taco, Inc., 446 F.3d 996, 998-99 (9th Cir. 2006). Hernandez does not allege any facts that would support removal under § 1443 and therefore Hernandez meets neither part of the Supreme Court's test in Georgia v. Rachel. There is no allegation or any other indication that Hernandez has properly sought to invoke a law that provides "for the equal civil rights of citizens of the United States," or that he is unable to pursue such a claim or that the state court is unable or unwilling to enforce such a claim. Therefore, the Notice of Removal's allegations are insufficient to establish the Court's jurisdiction under § 1443.

For all of the foregoing reasons, Hernandez has failed to meet his burden of establishing federal subject matter jurisdiction. Accordingly, this action is hereby remanded to San Bernardino County Superior Court, Case No. UDFS 1509560. See 28 U.S.C. § 1447(c). Hernandez's Request to Proceed In Forma Pauperis and Ex Parte Application for Temporary Restraining Order are denied as moot.

IT IS SO ORDERED.

**JS-6**